IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

SABRINA BOSWELL, et al.,　　　　*
　　　　　　　　　　　　　　　　　*
　　　　Plaintiffs,　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　*　　　CV 115-165
　　　　　　　　　　　　　　　　　*
BONNAROO RESTAURANT GROUP II,　*
L.P. and HIELAN PAYROLL, LLC,　*
　　　　　　　　　　　　　　　　　*
　　　　Defendants.　　　　　　　*

**O R D E R**

Now before the Court is Plaintiffs' Response to Defendants' Offer of Judgment. (Doc. 8.) Federal Rule of Civil Procedure 68(a) provides in relevant part that

> [a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

The main purpose of this rule is to encourage settlement and avoid litigation. Marek v. Chesny, 473 U.S. 1, 5 (1985); Danow v. Law Office of David E. Borback, P.A., 634 F. Supp. 2d 1337, 1341 (S.D. Fla. 2009), aff'd sub nom., 367 F. App'x 22 (11th Cir. 2010); Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc., 298 F.3d 1238, 1240 (11th Cir. 2002). As noted by

the Eleventh Circuit, the rule meets this objective by employing a two-part approach.

> First, Rule 68 allows a defendant to make a firm, non-negotiable offer of judgment. Unlike traditional settlement negotiations, in which a plaintiff may seek clarification or make a counteroffer, a plaintiff faced with a Rule 68 offer may only accept or refuse. If he accepts, the Court automatically enters judgment in his favor; if he refuses, the case proceeds. Second, the Rule encourages plaintiffs to accept reasonable offers through what is referred to as its "cost-shifting" provision, which forces a plaintiff who refuses an offer and then ultimately recovers less at trial than the offer amount to pay the costs incurred from the time of the offer.

Util. Automation 2000, Inc., 298 F.3d at 1240-41. "Thereby, the Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Id. (quoting Marek, 473 U.S. at 5)(internal quotation marks and alteration omitted). Where the rule operates, an award is mandatory. See Jordan v. Time, Inc., 111 F.3d 102, 105 (11th Cir. 1997) ("We believe the mandatory language of the rule leaves no room for district court discretion.")

However, "[w]hen a plaintiff's [Fair Labor Standards Act ("FLSA")] claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine whether the settlement is a 'fair and reasonable resolution of a bona fide dispute' as required by Lynn's Food Stores, Inc. v.

2

United States, 679 F.2d 1350 (11th Cir. 1981)." Sommer v. Augie My Boy, LLC, No. 2:14-cv-77, 2015 WL 268991, at *1 (M.D. Fla. Jan. 21, 2015).

Congress enacted the FLSA with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981). As workers and employers often experience great inequalities of bargaining power, Congress made the FLSA's wage-and-hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of FLSA's minimum employee protections. Id.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptional circumstances. Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1352-53 (11th Cir. 1982). The first exception involves actions taken by the Secretary of Labor, and, therefore, is inapplicable to the proposed settlement in this case. See id. at 1353. The second exception, which does apply here, permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). In such an instance, the parties must present the proposed settlement to the Court, and the Court may approve the

3

settlement "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," then the Court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. When the employee is represented by counsel in an adversarial context, there is some assurance that "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

In this case, Plaintiffs filed suit and are represented by counsel, which provides some indication that a true conflict exists between Plaintiffs and their employer. After a thorough review of the parties' settlement agreement, along with an examination of the allegations contained in Plaintiffs' complaint, it appears that (1) the parties are engaged in a bona fide dispute as to FLSA coverage and the amount of unpaid wages and (2) the settlement is fair and reasonable.

Upon review of the information contained in Defendants' Offer of Judgment and Plaintiffs' responses thereto, the Court **DIRECTS** the Clerk to **ENTER JUDGMENT** against Defendants, jointly and severally, in favor of the following Plaintiffs:

4

| PLAINTIFF | AMOUNT OF JUDGMENT |
|---|---|
| Sabrina Boswell | $895.40 |
| Marcus Fields | $6,089.68 |
| Jeremy Lacey | $2,360.40 |
| Emily Schiffner | $868.77 |
| Colby Wilson | $1,639.09 |
| **TOTAL JUDGMENT** | **$11,853.34** |

Moreover, the parties, through the Offer of Judgment and Response, have agreed to reserve the issues of interest, attorneys' fees, costs, and expenses for a later date in accordance with the FLSA. The Court, therefore, **DIRECTS** Plaintiffs to file, within **THIRTY (30) DAYS** of this Order, a motion addressing these remaining issues.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of February, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA